[No. C059154. Third Dist. July 14, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
TY HUDSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of Factual and Procedural History and parts I through IV and parts VI through VIII of the Discussion.

## COUNSEL

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Brook Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

SIMS, J.—A jury convicted defendant Ty Hudson of one count of kidnapping (Pen. Code, § 207, subd. (a))[1] and two counts of false imprisonment (§ 236). On appeal, defendant contends that (1) insufficient evidence of asportation supported the kidnapping conviction, (2) one count of false imprisonment should be reversed because it is a lesser included offense of kidnapping, (3) even if not a lesser included offense of kidnapping, section 654 prohibits a separate sentence for the false imprisonment conviction, (4) the trial court erred by failing to give a unanimity instruction, (5) Judicial Council of California Criminal Jury Instructions (2008) CALCRIM No. 318 improperly lessened the prosecution's burden of proof, and (6) the trial

---

[1] Undesignated statutory references are to the Penal Code.

court's imposition of the upper term for kidnapping violated his right to jury trial as articulated in *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856].

In the published portion of the opinion, we reject defendant's attack on CALCRIM No. 318. In the unpublished portion of the opinion, we reject defendant's other contentions of error. Accordingly, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## V

## CALCRIM NO. 318

As given by the trial court, CALCRIM No. 318 instructed: "You have heard evidence of statements that a witness made before the trial. If you decide that the witness made those statements, you may use those statements in two ways: One, to evaluate whether the witness's testimony in court is believable; and two, as evidence that the information in those earlier statements is true."

Defendant contends the trial court erred by instructing the jury with CALCRIM No. 318 because it "improperly lessened the state's burden of proof" in violation of his federal constitutional rights to jury trial and due process. In his opening brief, defendant asserts that "the instruction effectively tells the jury [that] once they decide the witness made an out-of-court statement, the statement itself is evidence the statement is true!" In his reply,

---

*See footnote, *ante*, page 1025.

however, defendant acknowledges that "CALCRIM 318 does not issue a mandate on how the evidence is used." Defendant attempts to salvage the argument by asserting that CALCRIM No. 318 "removes from the jury's consideration the opportunity to use the evidence of a prior out-of-court statement as evidence the information in that statement is false." This is a different argument than the mandatory use argument presented in the opening brief, and it violates the rule against raising new arguments in a reply brief. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005 [66 Cal.Rptr.3d 422].) We conclude that neither defendant's original nor recast argument has merit.

At the outset, the Attorney General asserts that defendant forfeited the contention by failing to object to the jury instruction in the trial court. Defendant fails to respond to the forfeiture argument. Even so, we shall review the issue on the merits because his failure to object to the instruction does not preclude review for constitutional error. "The appellate court may . . . review any instruction given, . . . even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby." (§ 1259; see *People v. Guerra* (2006) 37 Cal.4th 1067, 1138 [40 Cal.Rptr.3d 118, 129 P.3d 321].) Instructional errors resulting in a miscarriage of justice violate the substantial rights of a defendant. (*People v. Arredondo* (1975) 52 Cal.App.3d 973, 978 [125 Cal.Rptr. 419].) Thus, we proceed to examine the instruction to assess whether the trial court erred in giving CALCRIM No. 318.

■ CALCRIM No. 318 informs the jury that it may reject in-court testimony if it determines inconsistent out-of-court statements to be true. By stating that the jury "may" use the out-of-court statements, the instruction does not require the jury to credit the earlier statements even while allowing it to do so. (See *People v. Anderson* (1989) 210 Cal.App.3d 414, 427–428 [258 Cal.Rptr. 482].) Thus, we reject defendant's argument that CALCRIM No. 318 lessens the prosecution's standard of proof by compelling the jury to accept the out-of-court statements as true.

We also reject defendant's alternate argument that CALCRIM No. 318 disallows the jury from using "the evidence of a prior out-of-court statement as evidence the information in that statement is false." In considering this argument, we heed the well-established rule that the " 'correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction.' " (*People v. Anderson* (2007) 152 Cal.App.4th 919, 928–929 [61 Cal.Rptr.3d

903], quoting *People v. Burgener* (1986) 41 Cal.3d 505, 538–539 [224 Cal.Rptr. 112, 714 P.2d 1251].) Here, the trial court gave additional instructions that properly informed the jury of its prerogative to ignore any evidence found to be untrustworthy.

As the Attorney General points out, the jury received CALCRIM No. 226, which provides in relevant part: "You may believe all, part, or none of any witness's testimony. Consider the testimony of each witness and decide how much of it you believe. [¶] In evaluating a witness's testimony, you may consider anything that reasonably tends to prove or disprove the truth or accuracy of that testimony. Among the factors that you may consider are: [¶] . . . [¶] Did the witness make a statement in the past that is consistent or inconsistent with his or her testimony?" CALCRIM No. 226 informed the jury that it could accept or reject any testimony, and in making that determination could also consider past inconsistent statements. CALCRIM No. 226 negates the possibility, imagined by defendant, that the jury would believe itself bound to rely on out-of-court statements that it found noncredible.

The jury was also instructed with CALCRIM No. 220, which explains the prosecution's burden to prove the defendant guilty beyond a reasonable doubt. In relevant part, CALCRIM No. 220 instructed the jury: "In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all the evidence that was received throughout the entire trial. Unless the evidence proves the defendant guilty beyond a reasonable doubt, he is entitled to acquittal, and you must find him not guilty." Read as a whole, the instructions did not lessen the prosecution's burden of proof by elevating out-of-court statements to unquestionable reliability. The trial court did not commit error by instructing the jury with CALCRIM No. 318.

### VI–VIII*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1025.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment to reflect that the sentence for the second count of conviction for false imprisonment shall run concurrently with the sentence for the first count of conviction for false imprisonment. The court shall send a certified copy of the same to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

Scotland, P. J., and Raye, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 28, 2009, S175728.