Filed 5/18/16  P. v. Goff CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>               v.<br><br>NICHOLAS COLE GOFF,<br><br>        Defendant and Appellant. | F069597<br><br>(Kings Super. Ct. No. 13CM3020)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, William K. Kim and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

Appellant Nicholas Cole Goff appeals his convictions on nine criminal counts arising out of a violent encounter with his wife, Natalie Goff (Pen. Code, § 273.5, subd. (a)[1] [willful infliction of corporal injury]/count 1;  § 136.1, subds. (b) & (c)(1) [intimidation of witnesses and victims]/count 2; § 236 [false imprisonment]/count 3; § 245, subd. (a)(4) [assault with force likely to produce great bodily injury]/count 4; § 245, subd. (a)(1) [assault with a deadly weapon other than a firearm]/count 5; § 664 & § 422 [attempted criminal threats]/count 6; § 240 [assault]/count 7; § 422 [criminal threats]/count 8; and § 136.1, subds. (b) & (c)(1) [intimidation of witnesses and victims]/count 9).  Appellant claims his convictions cannot stand because the trial court improperly instructed the jury in two ways:  first, by giving CALCRIM No. 318 regarding evidence of out of court statements, which appellant contends erroneously lessened the prosecution's burden of proof; and second, by giving CALCRIM No. 372 regarding evidence of flight after a crime was committed, which appellant contends was not warranted by the evidence and again lessened the prosecutor's burden of proof.  For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2013, appellant and Ms. Goff were married and living in motels.  On or around August 4, the couple was staying at the Sequoia Inn, in Hanford, California.  One day, appellant became angry with Ms. Goff, apparently believing she was having an affair.  Appellant tied a bedsheet between the front door and the bathroom door of their motel room, so that Ms. Goff could not exit the room.  Appellant then spent the next three hours punching and choking Ms. Goff.

Following this incident, appellant and Ms. Goff left the Sequoia Inn together. They walked to a place called the Recycle Depot, with appellant holding a knife to appellant's side as they travelled.  On the walk, appellant told Ms. Goff that he would kill

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

her if she called the cops.  From the Recycle Depot they obtained a ride to appellant's mother's house before separating for a brief while, with Ms. Goff going to Burger King and appellant obtaining a room at the Travel Haven Motel.

When Ms. Goff joined appellant at the Travel Haven Motel, appellant again accused Ms. Goff of having an affair, punched her, and attempted to choke her.  Ms. Goff was able to calm appellant down, and the two decided to walk to the store.

While crossing the street to reach the store, another argument occurred.  Ms. Goff attempted to walk away, but appellant grabbed her around the waist.  Appellant then pressed a pen into Ms. Goff's body in an attempt to stab her, and stated both that he would kill Ms. Goff and her children and that he would not go back to jail again.  Ms. Goff was able to push the pen away, but appellant responded by pulling a knife from his pocket and running it along the side of Ms. Goff's neck.  Appellant then picked Ms. Goff off the ground, holding her by the waist and carried her across the street.

At this point, two citizens approached the couple; the first on foot and the second in a car.  Both told appellant to leave Ms. Goff alone.  In response, appellant walked away from Ms. Goff, and Ms. Goff went the other direction.  Shortly thereafter, Ms. Goff heard sirens.  Fearing for her safety, Ms. Goff spent the night hiding in some bushes at nearby apartments, until a friend informed her that it was safe to gather her belongings from the Travel Haven Motel.  The next morning, Ms. Goff reported the incident to the police and was taken to the hospital for treatment.

At trial, City of Hanford Police Officer Dale Williams was called by the People to detail Ms. Goff's injuries.  However, on cross-examination, appellant questioned Officer Williams extensively on statements made by Ms. Goff when she reported the attack on August 7.  According to Officer Williams, Ms. Goff did not specifically mention an attack at the Sequoia Inn, just that appellant had previously been beating her, and he did not talk to her about that incident.

3.

Before the case was submitted to the jury, the parties proposed various jury instructions and discussed their proposals with the trial court in chambers. Following those discussions, the trial court asked counsel on the record whether they had any comments on the proposed jury instructions. Appellant's counsel responded: "Your Honor, we went through them together in chambers. I am satisfied with the jury instructions." Included in those instructions were CALCRIM No. 318 and CALCRIM No. 372. Each was requested by both the People and appellant and each is contested on appeal.

The jury ultimately convicted appellant of the nine counts noted above. With respect to counts 6 and 7, appellant was convicted on lesser included offenses than those charged. Appellant further admitted to three prior prison term allegations. Appellant was sentenced on May 7, 2014, and this appeal timely followed.

## DISCUSSION

Appellant objects to the use of CALCRIM No. 318 and CALCRIM No. 372. CALCRIM No. 318, as read, instructed: "You have heard evidence of statements that a witness made before the trial. If you decide that the witness made those statements, you may use those statements in two ways. [¶] One, to evaluate whether the witness's testimony in court is believable. [¶] And two, as evidence that the information in those earlier statements is true." CALCRIM No. 372, as read, instructed: "If the defendant fled immediately after the crime was committed, that conduct may show that he was aware of his guilt. If you conclude that the defendant fled, it is up to you to decide the meaning and importance of that conduct. However, evidence that the defendant fled cannot prove guilt by itself."

### Standard of Review and Applicable Law

"[A] claim that a trial court failed to properly instruct on the applicable principles of law is reviewed de novo." (*People v. Martin* (2000) 68 Cal.App.4th 1107, 1111.)

4.

" 'The relevant inquiry [when instructional error is claimed] is whether, "in the context of the instructions as a whole and the trial record, there is a reasonable likelihood that the jury was misled to defendant's prejudice." ' " (*People v. O'Malley* (2016) 62 Cal.4th, 944, 991.)

Whether or not to give a particular instruction is a predominately legal question, which is also reviewed de novo. (*People v. Cole* (2004) 33 Cal.4th 1158, 1217.) " 'A flight instruction is proper whenever evidence of the circumstances of [a] defendant's departure from the crime scene . . . logically permits an inference that his movement was motivated by guilty knowledge.' " (*People v. Abilez* (2007) 41 Cal.4th 472, 522.)

As a general rule, failure to object to an instruction forfeits appellate review of it. (*People v. Rivera* (1984) 162 Cal.App.3d 141, 146.) An exception arises, however, if the substantial rights of appellant are affected. (§ 1259.)

### *There Was No Instructional Error*

In this case, appellant did not simply fail to object to specific jury instructions proposed by the People or the trial court. Rather, appellant offered the specific instructions now contested, engaged in discussions with the trial court over those instructions, and affirmatively confirmed that he was "satisfied with the jury instructions." Normally, such conduct forfeits any objections on appeal. (*People v. Bolin* (1998) 18 Cal.4th 297, 326.)

However, we may overlook a failure to object to jury instructions if "the substantial rights of the defendant were affected." (§ 1259.) Indeed, where allegations are made that the use of contested jury instructions affect an appellant's due process rights, our Supreme Court has repeatedly overlooked forfeiture claims. (*People v. Johnson* (2016) 62 Cal.4th 600, 638-639.) We do the same here and find no error in the instructions given.

Appellant argues that CALCRIM No. 318 impermissibly instructed the jury that Ms. Goff's out of court statements were true if the jury found she made them, failed to

5.

inform jurors that Ms. Goff's out of court statements could be false, and ultimately resulted in a reduction of the prosecutor's burden of proof. Each of these arguments has been raised and rejected by our sister court in the Third District. (*People v. Hudson* (2009) 175 Cal.App.4th 1025, 1028-1029 (*Hudson*).) Similar arguments with respect to CALJIC No. 2.13, which relates to prior consistent and inconsistent statements, have been rejected by our Supreme Court. (*People v. Friend* (2009) 47 Cal.4th 1, 41.) We see no reason to deviate from this precedent.

Further, reviewing CALCRIM No. 318 in the context of the full panoply of instructions given in this matter, we find no likelihood the jury was misled. The jury was expressly instructed on the prosecutor's burden of proof under CALCRIM No. 220; given instruction under CALCRIM No. 226 that they alone judge the credibility of witnesses, may believe all, part or none of any witness's testimony, and may consider whether a witness made an inconsistent statement in the past in reaching that determination; and were told they must decide what evidence to believe when faced with conflicts under CALCRIM No. 302. Read as a whole, the jury would not have misunderstood CALCRIM No. 318 as appellant suggests.

With respect to CALCRIM No. 372 appellant argues that there was no evidence in the record to support the use of this instruction and that its use again reduced the prosecutor's burden of proof. Appellant recognizes that flight instructions, such as CALCRIM No. 372, have been repeatedly upheld. We see no reason to depart from those cases. (See e.g. *People v. Jurado* (2006) 38 Cal.4th 72, 125-126 (*Jurado*) [analyzing CALJIC No. 252, relating to flight after a crime].)

We also find ample factual support for the use of CALCRIM No. 372's flight instruction. In this case, appellant was violently attacking Ms. Goff in public until two citizens intervened, demonstrating that appellant was at risk of drawing police involvement. At that point, appellant released Ms. Goff and left the scene of the crime. According to Ms. Goff, this flight occurred right before police sirens were heard. While

6.

appellant argues it is unclear why appellant left the scene, the timing of appellant's departure in the face of increased public visibility of his actions is a sufficient circumstance to warrant an inference that he fled intending to avoid arrest. This is all that is needed to give the instruction. (See *Jurado*, *supra*, 38 Cal.4th at p. 126.)

Finally, as there was no error by the trial court in giving the contested instructions, appellant cannot show counsel performed below an objective standard of reasonableness by failing to object or any prejudice from counsel's actions. (See *People v. Hart* (1999) 20 Cal.4th 546, 623-624 (*Hart*) [detailing requirements for ineffective assistance of counsel claims].) It appears quite reasonable for counsel to have proposed and accepted CALCRIM No. 318, which informs the jury that "it may reject in-court testimony if it determines inconsistent out-of-court statements to be true." (*Hudson*, *supra*, 175 Cal.App.4th at p. 1028.) Ms. Goff's in-court testimony was compelling, and to rebut it appellant focused primarily on new facts allegedly added to what Officer Williams was told closer to the time of the attack. Such tactical decisions are generally not reversible. (*Hart*, *supra*, 20 Cal.4th at p. 623.) Likewise, there was no error and thus neither a reason to object nor resulting prejudice with respect to the use of CALCRIM No. 372.

## DISPOSITION

The judgment is affirmed.