Filed 9/21/22  P. v. Marin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>EDWARD MARIN,<br><br>     Defendant and Appellant. | C094446<br><br>(Super. Ct. No. 20FE006546) |

A jury found defendant Edward Marin guilty of 24 counts of committing lewd and lascivious acts on his stepdaughters and eight additional counts of doing so while they were 14 or 15 years old and he was at least 10 years older.  The trial court sentenced defendant to 57 years four months in state prison.  On appeal defendant contends the trial court created an unconstitutional presumption in favor of the truth of the victim's out-of-court statements when it instructed the jury with CALCRIM No. 318.  Defendant argues the trial court erred in failing to recite the amount and basis for each of the fines on the record when it orally pronounced sentence, and the fees imposed under Government Code section 29550.2 are not valid.  Our review of the record disclosed the omission of one fine from the abstract of judgment and the assessment of fees that are unenforceable.

1

We will affirm the judgment, but strike the fees imposed under Government Code section 29550.2, and order the trial court to correct the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

As to his younger stepdaughter, the amended information charged defendant with 20 counts of committing lewd and lascivious acts (Pen. Code, § 288, subd. (a);[1] counts 1-20) and seven counts of committing a lewd and lascivious act on a 14- or 15-year-old child where the perpetrator was 10 years older (§ 288, subd. (c)(1); counts 21-27). As to his older stepdaughter, the information charged defendant with four acts of committing lewd and lascivious acts (§ 288, subd. (a); counts 28-31) and one count of committing a lewd and lascivious act on a 14- or 15-year-old child where the perpetrator was 10 years older (§ 288, subd. (c)(1); count 32). The information charged defendant with additional enhancements as to each count that he committed the offense on more than one victim, and he had substantial sexual contact with the victim who was under 14 years of age on counts 1 through 20 and 28 to 31. (§ 1203.066, subd. (a)(7), (8).)

Due to the limited nature of the issues argued on appeal, we will not describe the nature of defendant's sexual assaults with particularity. Suffice it to say the evidence disclosed that defendant repeatedly sexually abused these stepdaughters over several years.

Defendant started to sexually assault the oldest daughter when she was 11 or 12 years old. He continued the assaults until her sophomore or junior year in high school.

The younger daughter testified defendant started to sexually assault her when she was 11 years old. The younger daughter testified the abuse occurred two to three times a week while she was in seventh grade and happened routinely after that. At least one of the acts was interrupted by her brother.

---

[1] Undesignated statutory references are to the Penal Code.

As relevant to the instructional issue here, the younger daughter told a friend about the sexual assaults in her junior year of high school. Her friend sent a note to a social worker at their high school in 2019, reporting the younger daughter's stepdad had been sexually abusing her since sixth grade and was continuing to do so. During a followup interview with the social worker, the younger daughter confirmed the report was true. In interviews with the police, the younger daughter confirmed defendant sexually abused her about twice each week starting in sixth grade and continuing until she was 17 years old. She told one of the officers defendant assaulted her more than five times in sixth grade, but less than 10. She also told the officers she believed, but was not sure, defendant had intercourse with her in seventh grade and thought there were other times, but did not remember them well.

In her testimony at trial, the younger daughter stated she could only remember being sexually assaulted by defendant once while she was in sixth grade. She could not remember for sure whether it happened more than once that year. She also testified only a single act of intercourse occurred during the 2014 to 2016 time frame.

Defendant testified on his own behalf and denied sexually assaulting the victims. He also presented testimony from the victims' mother and stepsister who said they never saw anything untoward happen at the home.

The jury convicted defendant on all counts and enhancements. The probation report filed with the court and provided to defendant and the prosecutor recommended the following 10 conditions:

(1) a sentence of 59 years four months;

(2) a restitution fine of $10,000 pursuant to section 1202.4;

(3) a suspended parole revocation fine of $10,000 pursuant to section 1202.45;

(4) victim restitution in an amount to be determined pursuant to section 1202.4;

(5) a main jail booking fee of $453.62 pursuant to Government Code section 29550.2;

3

(6) a main jail classification fee of $90.65 pursuant to Government Code section 29550.2;

(7) a serious habitual offender program fine of $300 pursuant to section 290.3, plus $130 in penalties and assessments;

(8) an AIDS test pursuant to section 1202.1;

(9) registration as a sex offender pursuant to section 290;

(10) submission of a firearm relinquishment form;

(11) defendant not possess firearms, ammunition, or reloading ammunition pursuant to sections 29800, subdivision (a)(1) and 30305, subdivision (a); and

(12) a COVID test.

The report further recommended a $1,280 court operations fee under section 1465.8, subdivision (a) calculated as $40x32 convictions, and a $960 court facilities fee pursuant to Government Code section 70373, calculated as $30x32 convictions.

The court sentenced defendant to 57 years four months in state prison. Prior to the pronouncement of sentence, the court ordered the probation report filed as part of the record in the case. In pronouncing sentence, the court stated: "It is further the judgment and sentence of this court that the Defendant pay a restitution fine of $10,000 pursuant to Penal Code Section 1202.4, payable forthwith, or as provided by Penal Code Section 2085.5. The Court also imposes the following additional conditions:· On Page 10, Condition 3; on Page 11, Conditions 4, 5, and 6; and the Court will delete Condition 7 and impose Conditions 8 and 9; Page 12, Conditions 10, 11, and 12; the Court will delete costs to probation, impose the mandatory court operations fee of [$]1280 and the court facility fee of [$]960 and delete the criminal impact fee." All of these conditions except the jail fees imposed under Government Code section 29550.2, and the serious habitual offender program fine, penalties and assessments imposed pursuant to section 290.3, are reflected in the abstract of judgment as recommended in the probation report.

4

Defendant timely appealed. The case was fully briefed on July 5, 2022, and assigned to this panel shortly thereafter.

## DISCUSSION

Defendant argues the court erred instructing the jury with CALCRIM No. 318 and when it incorporated the probation recommendations into its oral pronouncement of judgment rather than stating each fine and its statutory basis. Defendant further argues the Government Code section 29550.2 fines are not valid. The Attorney General concedes the final point and we accept that concession. We reject defendant's other arguments.

### A. CALCRIM No. 318

Defendant argues CALCRIM No. 318 contains an irrational presumption a witness's pretrial statements are true simply because they were made, and this violated his right to a fair trial. He asserts this error was prejudicial because the younger stepdaughter testified at trial only a single count occurred in sixth grade, while her pretrial statements support convictions on all three counts. He also asserts she testified to only a single act of intercourse, while her pretrial statements identified more acts. We reject defendant's argument.

As given by the trial court, CALCRIM No. 318 instructed: "You have heard evidence of statements that a witness made before the trial. If you decide that the witness made those statements you may use those statements in two ways. One, to evaluate whether the witness' testimony in court is believable; and, two, as evidence that the information in those earlier statements is true."

As defendant acknowledges, we have repeatedly held CALCRIM No. 318 accurately states the law. (*People v. Golde* (2008) 163 Cal.App.4th 101, 119-120; *People v. Hudson* (2009) 175 Cal.App.4th 1025, 1029 (*Hudson*); see *People v. Tuggles* (2009) 179 Cal.App.4th 339, 366.) Defendant's failure to object to this instruction did not forfeit

5

this argument as defendant asserts this instruction violated his due process rights by creating an unconstitutional presumption. (§ 1259; *Tuggles*, at p. 366.)

On the merits, this instruction does not create any improper presumption. It does not compel the jury to use the statement in either of the two stated ways—it simply conveys that these are the two purposes for which a witness's pretrial statements may be considered by the jury. The instruction creates no presumption of truthfulness, nor does it suggest in any way how much weight such statements deserve in comparison with sworn testimony. We find nothing about the instruction that lessens the prosecution's burden of proof or creates any presumption, much less an unconstitutional one.

Moreover, "the ' "correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction." ' [Citations.]" (*Hudson, supra*, 175 Cal.App.4th at pp. 1028-1029.) We presume the jury was able to follow all of the court's instructions. (*People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1190.)

Here, the trial court provided other instructions, which would ensure the jury applied CALCRIM No. 318 and judged the testimony it received correctly. The court instructed the jury with CALCRIM No. 226 both before the witnesses testified and after all the evidence was admitted. That instruction informed the jury it alone was charged with judging the credibility or believability of each witness and that it could believe all, part, or none of any witness's testimony. The instruction told the jury that in making that determination, it could consider, among other matters, prior inconsistent statements. Thus, the jury knew it was its job to fairly determine the credibility of any and all statements made by a witness, including the witness's out-of-court statements. The court also instructed the jury with CALCRIM No. 220, which explained the prosecution's burden to prove defendant guilty beyond a reasonable doubt. "Read as a whole, the instructions did not lessen the prosecution's burden of proof by elevating out-of-court statements to unquestionable reliability." (*Hudson, supra*, 175 Cal.App.4th at p. 1029.)

6

The trial court's use of CALCRIM No. 318 did not violate defendant's constitutional rights.

### B.      *Oral Pronouncement of Sentence*

Defendant argues we should remand the case for oral pronouncement of judgment because the trial court failed to orally pronounce each and every fine and fee when it rendered judgment. We disagree.

Defendant forfeited this argument when he did not object when the trial court referred to each condition in the probation report and chose which to impose and which not to impose. (*People v. Robinson* (2002) 104 Cal.App.4th 902, 906.)

The trial court's method here promotes the imposition of correct sentences by allowing the parties the opportunity to see and hear the exact items ordered at sentencing and to raise timely objections to correct errors at the time the fines and fees are imposed. In *People v. Hamed* (2013) 221 Cal.App.4th 928, the appellate court stated: "[I]n cases where the amounts and statutory bases for the penalty assessments have been set forth in a probation report, a sentencing memorandum, or some other writing, the court could state the amount and statutory basis for the base fine and make a shorthand reference in its oral pronouncement to 'penalty assessments as set forth in the' probation report, memorandum, or writing as authorized in *Sharret* and *Voit*. (See [*People v.*] *Sharret* [(2011)] 191 Cal.App.4th [859,] 864; [*People v.*] *Voit* [(2011)] 200 Cal.App.4th [1353,] 1373.) By itemizing and listing the component parts of base fines and penalty assessments prior to sentencing, the parties would have an opportunity to identify and correct errors in the trial court, avoiding unnecessary appeals." (*Id.* at pp. 939-940.)

Here, the judge and the parties had a copy of the probation report at sentencing, which provided specific recommendations as to the statutory basis and amount of each fine and assessment. Rather than reread those paragraphs into the record, the trial court orally identified each of the recommendations it chose to impose in this case and the

recommended fines and fees it chose to reject.  Additionally, it incorporated the probation report as part of the record.  We conclude this was proper.

### C.      *Fees Under Government Code Section 29550.2*

Defendant argues fees based upon Government Code section 29550.2 are unenforceable in light of Assembly Bill No. 1869 (2019-2020 Reg. Sess.).  The Attorney General concedes the bill is retroactive and any unpaid portions of the jail fees that remain after July 1, 2021, are uncollectible and unenforceable.  The instant fees here were imposed on July 2, 2021.  We agree with the parties and order those fees stricken from the judgment.  (Gov. Code, § 6111, subd. (a); *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953.)

We also note the abstract of judgment does not list the habitual offender fine of $300 and related penalty assessments and fees assessed by the trial court at sentencing. We order the trial court to correct this omission.

### DISPOSITION

We affirm the judgment.  Any unpaid portion of the fees imposed under Government Code section 29550.2 is vacated pursuant to Government Code section 6111, subdivision (a).  The trial court is directed to prepare a corrected abstract of judgment deleting those fines and adding the habitual offender fine and related penalty assessments and fees and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
EARL, J.

We concur:

/s/
HULL, Acting P. J.

/s/
KRAUSE, J.