Filed 10/30/23  P. v. McDowell CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>DAVIONE MCDOWELL,<br><br>        Defendant and Appellant. | B320119<br><br>(Los Angeles County<br>Super. Ct. No. BA330955) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed with instructions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

In 2005, 17-year-old appellant Davione McDowell approached a group of men playing dice, demanded their money, then shot at them as they ran away. A jury convicted appellant of one count of first degree murder, three counts of premeditated attempted murder, and four counts of attempted second degree robbery. The jury also found true criminal street gang and gun use enhancement allegations in each count. (Pen. Code, §§ 186.22, subd. (b)(1), 12022.53, subds. (b)–(d).)[1]

In 2022, appellant filed a petition for resentencing under section 1172.6 (former section 1170.95).[2] The trial court summarily denied the petition without appointment of counsel or further briefing. The court found that appellant was not eligible for relief as a matter of law because he was the actual killer.

On appeal, appellant contends the trial court erred in denying his petition without counsel or briefing. Respondent Attorney General concedes this error, but argues that it was harmless. We agree that the trial court erred in the summary denial of appellant's petition. However, the error was harmless, as the record of conviction conclusively establishes that appellant was the actual killer. We therefore affirm the denial of appellant's petition for resentencing.

## FACTUAL BACKGROUND

The underlying facts presented at trial are discussed in detail in this court's prior nonpublished opinion, *People v.*

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. We hereafter refer to the statute as section 1172.6.

2

*McDowell* (Nov. 13, 2012, B235921).  We summarize them here to provide context for the trial court's ruling.  We otherwise do not rely on this factual background in resolving the issues presented in this appeal.  (See § 1172.6, subd. (d)(3).).

On the afternoon of September 1, 2005, seven men were playing a game of dice in the driveway of Johnny Stringer's home in Los Angeles.  Approximately $1,000 in cash was visible on the driveway.

The assailant, who had a bag in his left hand and a gun in his right pants pocket, walked past the driveway, turned around, and "cut across the grass" to approach the men without being seen.  The assailant stopped within five or ten feet of the men and "fumbled" in his pocket for about 10 seconds before pulling out a gun and demanding, "Break yourself," which meant, "Give me the money." As the men turned and ran, the assailant began shooting.  Stringer was shot and killed; three other men were wounded by the bullets.  The assailant ran away without the money.

Police investigators obtained an image from a nearby surveillance video camera and a description of the assailant from one of the victims.  The investigators initially identified another individual as a person of interest, and several witnesses picked a photograph of that individual as most resembling the assailant.  Subsequently, one of the victims and two witnesses identified appellant as the assailant from photographic and live lineups.  At trial, two witnesses and two victims positively identified appellant in court as the assailant.  The prosecution also showed the jury the still photo from the nearby surveillance videotape, which depicted appellant crossing the parking lot around the

time of the shooting, holding the same bag and wearing the same clothing as the assailant.

## PROCEDURAL HISTORY

### I. Conviction and Sentence

Following a trial in 2011, a jury convicted appellant of one count of first degree murder (§ 187, subd. (a); count one), three counts of premeditated attempted murder (§§ 664, 187, subd. (a); counts two, three, and seven), and four counts of attempted second degree robbery (§§ 664, 211; counts four, five, six, and eight). As to all counts, the jury found true the allegation that the crime was committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(C).) The jury also found true firearm use enhancements as to all counts; specifically, that appellant personally and intentionally discharged a firearm as to counts two, five, seven, and eight (§ 12022.53, subds. (b)-(c)), and appellant personally and intentionally discharged a firearm causing great bodily injury or death as to the remaining counts (§ 12022.53, subds. (b)-(d)).

The trial court sentenced appellant to state prison for a total term of 95 years to life on counts one, two, and three, plus two consecutive life terms. The court also imposed concurrent terms for each of the remaining counts, which are not relevant to this appeal.

A different panel of this court affirmed appellant's convictions on direct appeal. (*People v. McDowell, supra.*) The court found that substantial evidence supported appellant's convictions. (*Ibid.*) As to the attempted robberies (counts four, five, six, and eight), the court corrected the concurrent sentences imposed to reflect the proper midterm for each offense. (*Ibid.*; see also § 213, subd. (b).)

4

## II.     Section 1172.6 Proceedings

On February 22, 2022, appellant filed a form petition for resentencing under section 1172.6.  He checked the boxes indicating that he was prosecuted for murder and attempted murder under felony murder, natural and probable consequences, or imputed malice theories; he was convicted of murder and attempted murder; and he could not now be convicted of those crimes under the relevant amendments to the law.  He also checked the box requesting that the court appoint counsel to represent him.

On March 22, 2022, the court summarily denied the petition without appointing counsel for appellant or allowing further briefing.  In its written order, the court stated that the petition was denied "for lack of eligibility under the statute. Further denied pursuant to *People v. Harden*[3]. . . .  The appellate record filed 11-13-12, clearly finds as a matter of law that the defendant/petitioner was the actual killer and that

---

[3]     The trial court was referring to then-published case *People v. Harden* (2022) 76 Cal.App.5th 262, 331, which affirmed the trial court's denial of a section 1172.6 petition at the prima facie stage because the prior appellate opinion established Harden's ineligibility for relief as matter of law.  The appellate court subsequently granted Harden's petition for rehearing and vacated that opinion.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 50.)  The court again affirmed, finding that Harden was ineligible for relief under section 1172.6 because the record of conviction established she was the actual killer as a matter of law.  (*Id.* at p. 59-60.)

substantial evidence supported a finding of guilt beyond a reasonable doubt."[4]

Appellant timely appealed.

## DISCUSSION

## I. Petition for Resentencing

### A. Governing Law

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 (SB 1437) 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) To this end, the law specifically provided that a "person's culpability for murder must be premised upon that person's own actions and subjective mens rea," and a conviction for murder "requires that a person act with malice aforethought." (Stats. 2018, ch. 1015, § 1, subd. (g).)

SB 1437 added what is now section 1172.6, which provides a procedure for individuals convicted of murder or attempted murder who could not be convicted under the law as amended to file a petition seeking resentencing. (*Lewis, supra*, 11 Cal.5th at

---

[4] The prior appellate opinion in this case was filed on November 13, 2012. It is unclear whether the trial court also considered the trial transcripts as part of the record of conviction, as they had not yet been submitted by either party as part of the petition for resentencing. We granted respondent's unopposed request for judicial notice of the trial transcripts. We also granted appellant's unopposed request for judicial notice of this court's prior opinion.

6

p. 959, citing *People v. Gentile* (2020) 10 Cal.5th 830, 838-839.) A facially adequate petition entitles a petitioner to the appointment of counsel and a response from the prosecution. (§ 1172.6, subds. (b)(3), (c); *Lewis, supra,* 11 Cal.5th at p. 970.)

At the prima facie stage of review, the trial court must determine whether the petitioner would be entitled to relief if his or her allegations were proven. If so, the court must issue an order to show cause. (*Lewis, supra,* 11 Cal.5th at p. 971.) At the prima facie stage, "the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 974.) "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Id*. at p. 971.)

Once a prima facie showing has been made, the court must hold a hearing to determine whether to vacate the petitioner's conviction, recall his or her sentence, and resentence him or her "on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subd. (d)(1).) At the hearing, the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder under current law. (§ 1172.6, subd. (d)(3).)

We review de novo the trial court's determination that a petitioner failed to make a prima facie showing under section 1172.6. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

### B. Analysis

Appellant contends that the trial court erred in summarily denying his resentencing petition without appointing counsel or

7

permitting briefing. Respondent agrees that this was error. Further, to the extent the trial court relied on the facts set forth in this court's prior opinion, respondent concedes that was also error.

We agree with the parties that once appellant filed a facially valid petition pursuant to section 1172.6, the trial court was required to appoint counsel for appellant and permit briefing before considering whether appellant had made a prima facie case for relief. (*Lewis, supra,* 11 Cal.5th at pp. 963-965.) The trial court also erred to the extent it relied on the factual summary in the prior appellate opinion to deny the petition. (See § 1172.6, subd. (d)(3).)

We therefore consider whether these errors were prejudicial. We review a court's error in summarily denying a petition for resentencing under the harmless error test set forth in *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra,* 11 Cal.5th at p. 973.) Thus, appellant must "demonstrate there is a reasonable probability that in the absence of the error he ... would have obtained a more favorable result." (*Id.* at p. 924.)

Here, we find the court's errors harmless, as the record of conviction "conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations," that appellant was the actual killer of one victim and shooter of the others. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14; see also §§ 188, subd. (a)(3), 189(e); *Lewis, supra,* 11 Cal.5th at p. 971.) The court may consider the jury instructions, verdict forms, and any special findings or enhancement allegations the jury found true to determine if the petition makes a prima facie showing of entitlement to relief. (*Lewis, supra,* 11 Cal.5th at p. 957; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see also *People v.*

8

*Jenkins* (2021) 70 Cal.App.5th 924, 935; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [the trial court may "rely on the jury instructions, which are part of the record of conviction, in assessing the prima facie showings under [former] section 1170.95(c)"], overruled on another ground by *Lewis, supra*, 11 Cal.5th at p. 957; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [court may consult the jury instructions].)

The record here conclusively demonstrates that appellant is ineligible for relief. The jury was not instructed as to the natural and probable consequences doctrine on any charge. Thus, as to the attempted murder charges, appellant could not make a prima facie showing of a right to relief where the jury instructions conclusively demonstrated that he was not convicted of attempted murder under a natural and probable consequences theory. (See § 1172.6, subd. (a).)

As to the murder charge, the jury was instructed on two theories. First, the jury was instructed on first degree malice murder, requiring a finding that appellant intended to kill the victim. If the jury found appellant guilty under this first theory, he would be ineligible for relief under section 1172.6 as a matter of law because the jury necessarily would have found that he harbored the requisite intent to kill. Second, the jury was instructed on a felony murder theory, requiring a finding that appellant "caused the death of another person" during the commission of an attempted robbery. If appellant was convicted under a felony murder theory with attempted robbery as the underlying felony, he would still be ineligible for relief if the jury found he was the actual killer. (§ 189 subds. (a), (e)(1).)

The record conclusively demonstrates that the jury made such a finding. The prosecution proceeded on a theory that

9

appellant was the only shooter, and the jury was not instructed as to any theories that would suggest that appellant was present and a participant but did not shoot the victims himself. Conversely, appellant argued a theory of mistaken identity at trial and highlighted the inconsistencies in the witnesses' identifications. Moreover, the jury found true the section 12022.53 enhancement on the murder charge, finding that appellant personally and intentionally discharged a firearm which caused great bodily injury or death to the murder victim. On this record, the jury could not have found that appellant was guilty of felony murder but was not the actual killer. (See *Soto, supra*, 51 Cal.App.5th at p. 1059 ["Soto did not make a prima facie showing that he is entitled to relief under [former] section 1170.95 because the jury instructions given at his trial conclusively demonstrate as a matter of law that he was not convicted of murder under a natural and probable consequences theory or of felony murder"]; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, overruled in part on another ground by *Lewis, supra*, 11 Cal.5th at pp. 962-963 [record showed defendant was the actual killer where jury instructions did not include any instruction on natural and probable consequences or felony murder and the jury found the defendant personally used weapon].)

Appellant argues that the jury's true finding that he personally used and discharged a firearm on the murder and attempted murder counts should not preclude eligibility for resentencing at the prima facie stage. He relies on *People v. Offley* (2020) 48 Cal.App.5th 588, 599 (*Offley*), which we find distinguishable. In *Offley*, the petitioner and several fellow gang members fired shots into a vehicle, killing one occupant and

10

seriously wounding another.  (*Id*. at pp. 592–593.)  The prosecution presented evidence of a conspiracy, and the jury was instructed that a member of a conspiracy is guilty not only of the particular crime he knows his confederates agreed to and committed, but also for the natural and probable consequences of any crime of a coconspirator to further the object of the conspiracy.  (*Id*. at p. 593.)  Offley was convicted of murder, attempted murder, and shooting into an occupied vehicle; the jury found true that he had personally used and intentionally discharged a firearm proximately causing death to the victim. (*Ibid*.)

The trial court summarily denied Offley's section 1172.6 petition based on the jury's true finding of a firearm enhancement allegation.  (*Offley, supra*, 48 Cal.App.5th at p. 597.)  The court of appeal reversed, reasoning that the jury could have found that he intentionally fired his weapon but did not act with the malice required for murder, instead finding him guilty of murder under a natural and probable consequences theory.  (*Id*. at p. 599.)

Here, by contrast, the jury was not instructed on a natural and probable consequences theory, nor was there any possibility that the jury could have concluded that appellant fired his gun but was not the actual shooter.  There was no evidence that appellant participated in the charged crimes but someone else was the actual killer.  Under these circumstances, we also reject appellant's argument that reaching this conclusion requires factfinding that cannot be done at the prima facie stage.  No factfinding or weighing of evidence is necessary; instead, the jury instructions and the jury's verdicts conclusively show as a matter of law that appellant was convicted as the actual shooter.  Thus,

11

even absent the trial court's errors, appellant could not have established a prima facie case that he was entitled to relief under section 1172.6.[5]

## II.    Correction of Abstract of Judgment

Appellant also requests correction of several errors in the abstract of judgment. Specifically, appellant seeks modification of the abstract of judgment to reflect that the firearm enhancement on count two was imposed pursuant to section 12022.53, subdivision (c), rather than section 12022.53, subdivision (d). He also points out that for each of the firearm enhancements on counts two and seven, the court imposed a determinate term of 20 years, rather than an indeterminate term of 20 years to life. Respondent does not oppose this request.

We may correct clerical errors in the abstract of judgment at any time. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185-187.) However, as respondent notes, the record does not contain the amended abstract of judgment issued following the appellate court's corrections in the prior appeal. Accordingly, to the extent these errors remain, we direct the amendment of the abstract of judgment to correct them.

---

[5]    We do not reach appellant's argument regarding the kill zone jury instruction and his attempted murder conviction, as it was raised for the first time in his reply brief on appeal. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005; *Authority for California Cities Excess Liability v. City of Los Altos* (2006) 136 Cal.App.4th 1207, 1216, fn. 2 ["we disregard claims raised for the first time in an appellate reply brief where the appellant makes no attempt to show good cause for failing to raise the issue in the opening brief"].)

## DISPOSITION

Affirmed. The clerk of the superior court is directed to prepare a corrected abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P.J.


MORI, J.