[No. G037968. Fourth Dist., Div. Three. Sept. 27, 2007.]

THE PEOPLE, Plaintiff and Appellant, v.
STEPHEN ROBERT NEWTON, Defendant and Respondent.

COUNSEL

Tony Rackauckas, District Attorney, and William Fallon, Deputy District Attorney, for Plaintiff and Appellant.

Deborah A. Kwast, Public Defender, under appointment by the Court of Appeal, Thomas Havlena, Chief Deputy Public Defender, and Kevin J. Phillips, Assistant Public Defender, for Defendant and Respondent.

**O**PINION

**RYLAARSDAM, J.—**

### INTRODUCTION

Plaintiff, the People of the State of California, purports to appeal from an order consolidating four counts of an information into a single count. This is not an appealable order. But, as we advised the parties, we will treat the appeal as a petition for a writ of mandate as plaintiff lacks an adequate remedy at law. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720]; *Rogers v. Municipal Court* (1988) 197 Cal.App.3d 1314, 1317 [243 Cal.Rptr. 530].)

Defendant Stephen Robert Newton allegedly was involved in a hit-and-run accident. After his vehicle collided with another vehicle, injuring three persons, the latter vehicle was pushed into a third, injuring a fourth person. According to testimony at the preliminary hearing, defendant ran away after the collisions.

The operative information alleged four separate counts of violation of Vehicle Code section 20001 (all further statutory references are to this code unless otherwise stated), one count for each of the four victims. Over the objection of the prosecution, the trial court granted defendant's motion to consolidate these four counts into a single count.

██ The issue before us appears to be one of first impression: where an accident results in injury to more than one person, and the person causing the accident flees the scene, is there a single violation of section 20001 or are there multiple violations? As the prosecution notes, because this issue raises a question of statutory interpretation, our review is de novo. (*Barner v. Leeds* (2000) 24 Cal.4th 676, 683 [102 Cal.Rptr.2d 97, 13 P.3d 704].) Upon such review we agree with the trial court and conclude there is only a single violation. We therefore deny the petition.

### DISCUSSION

1. *Interpreting the Statute*

██ The relevant portion of section 20001, subdivision (a) provides: "The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, . . . shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Section[] 20003 . . . ." Section 20003 requires that such a driver provide identifying

information, render assistance to "any person injured in the accident" (§ 20003, subd. (a)), and, if requested, provide identifying documentation.

The prosecution analogizes the issue to the one considered in *People v. McFarland* (1989) 47 Cal.3d 798 [254 Cal.Rptr. 331, 765 P.2d 493]. In that case, our Supreme Court held that a defendant, who in a single incident commits vehicular manslaughter (Pen. Code, § 191.5) as to one person and injures another, resulting in a conviction for felony drunk driving (§ 23153, subd. (a)), may be punished for both offenses. (*People v. McFarland, supra,* 47 Cal.3d at p. 804.) But the statute involved here is more analogous to the one considered in *Wilkoff v. Superior Court* (1985) 38 Cal.3d 345 [211 Cal.Rptr. 742, 696 P.2d 134]. There, the defendant, a drunk driver, killed one person and injured five others. She was charged in a separate count under section 23153, subdivision (a) for each victim. The Supreme Court issued a writ of mandate ordering the trial court to set aside the separate counts because, although there were multiple victims, the violation constituted a single crime of driving while intoxicated. (*Wilkoff v. Superior Court, supra,* 38 Cal.3d at pp. 353–354.)

■ *Wilkoff* teaches that "a charge of multiple counts of violating a statute is appropriate only where the actus reus prohibited by the statute—the gravamen of the offense—has been committed more than once. The act prohibited by section 23153 is the act of driving a vehicle while intoxicated and, when so driving, violating any law relating to the driving of a vehicle. . . . [T]he number of times the act is committed determines the number of times the statute is violated . . . ." (*Wilkoff v. Superior Court, supra,* 38 Cal.3d at p. 349.) The court held that, regardless of the number of persons injured, there can be but one act of driving while intoxicated. (*Id.* at pp. 353–354.) ■ Likewise, the conduct commanded by section 20001, to stop, identify, and assist, is only committed once.

The prosecution contends that the portion of section 20003 incorporated into section 20001, which requires the rendering of assistance to "any person injured in the accident," compels the conclusion that section 20001 contemplates that there may be more than one violation of the statute if more than one person is injured. The argument is based in part on a quotation from *Bailey v. Superior Court* (1970) 4 Cal.App.3d 513 [84 Cal.Rptr. 436], a case disposing of the argument that the portion of the statute requiring identification violates the right against self-incrimination. There the court stated: "The various requirements of the statute are set forth in the conjunctive and omission to perform any one of the acts required constitutes the offense. [Citations.] 'A failure to perform any of the required acts is a separate offense.' [Citation.]" (*Id.* at pp. 519–520.) This statement was made, not as part of a holding that failure to perform each of these acts constitutes a

separate crime, but rather to illustrate that, even though the defendant there did stop at the scene of the crime, he nevertheless was guilty of a violation of the statute by failing to comply with the other requirements.

Were we to follow the prosecution's interpretation of *Bailey* to its logical conclusion there would be even more counts than the four it urges: defendant allegedly failed to (1) stop, (2) identify himself, (3) render aid to one victim, (4) render aid to a second victim, (5) render aid to a third victim, and (6) render aid to a fourth victim. Even the prosecution does not parse the statute so as to enable it to charge defendant with six separate crimes.

■  The prosecution further argues that the phrase "any person" in section 20003 unambiguously "refers to a separate duty being owed to each injured individual as opposed to referring to the collective group of injured people." The statutory phrase would be less ambiguous had it required aid to "each" person injured. Although we do not decide the hypothetical effect of such a statutory change, in such a case the argument that there is no ambiguity would be more persuasive. And if the statute were ambiguous, the rule of lenity would weigh in defendant's favor. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 312–313 [58 Cal.Rptr.2d 855, 926 P.2d 1042].) We recognize that, as pointed out by the prosecution, the rule of lenity " 'is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise . . . .' " (*People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1].) Because the interpretation we adopt is the more reasonable one, it is not necessary to invoke the rule here.

Consideration of the purpose of the statute also supports our interpretation. "[S]ections 20001 and 20003 are part of a statutory scheme which imposes on drivers the obligation to self-report when the driver's vehicle has been involved in an accident. The purpose of these statutes is 'to promote the satisfaction of civil liabilities arising from automobile accidents. . . .' [Citations.] In those cases where it is not apparent that a person was driving, section 20003 would fail to serve the purpose of the statutory scheme if it did not impose a requirement that the person at the scene disclose that he was the driver of a vehicle involved in the accident." (*People v. Kroncke* (1999) 70 Cal.App.4th 1535, 1546–1547 [83 Cal.Rptr.2d 493], fn. omitted.)

Other cases have noted the combined objective of the statutes in preventing potential defendants from incurring liability together with providing assistance to injured persons. " 'The legislative purpose of sections 20001 and 20003 is to prevent the driver of a vehicle involved in an injury-causing accident from leaving injured persons in distress and danger for want of medical care and from attempting to avoid possible civil or criminal liability for the accident by failing to identify oneself. . . .' " (*People v. Escobar* (1991)

235 Cal.App.3d 1504, 1510 [1 Cal.Rptr.2d 579].) But the statute's objective of providing assistance to injured persons would be satisfied by the furnishing of such assistance, whether the accident results in injuries to one person or to many.

Finally, defendant cites cases from eight sister states that have similar statutes, all of which have been interpreted to support the interpretation that hit-and-run is a single crime, regardless of the number of persons injured in the accident. As the prosecution notes, some of these statutes use language different from the California version and not all require the rendering of aid. But as to three of the states the prosecution acknowledges that their case law supports defendant's position. (*James v. Commonwealth* (1941) 178 Va. 28 [16 S.E.2d 296]; *Tooke v. Com.* (2006) 47 Va.App. 759 [627 S.E.2d 533]; *Nield v. State* (Ind.Ct.App. 1997) 677 N.E.2d 79; *Dake v. State* (Ala.Crim.App. 1995) 675 So.2d 1365.) We find these cases to be more persuasive than the two cases holding otherwise.

The Texas case cited by the prosecution, *Spradling v. State* (Tex.Crim.App. 1989) 773 S.W.2d 553), addressed double jeopardy issues but, notably, is a three-to-three decision, a tie vote that resulted in an affirmance of the decision of the intermediate appellate court. We find the Wisconsin case, the only other case cited by the prosecution, *State v. Hartnek* (1988) 146 Wis.2d 188 [430 N.W.2d 361], less than persuasive.

### 2. *Propriety of Consolidation*

For the first time in its reply brief, the prosecution argues that consolidation was not the proper procedure but that defendant's motion should have been made under Penal Code section 995 to dismiss the excess charges. The prosecution may well be correct. (See *People v. Sun* (2007) 148 Cal.App.4th 374, 380 [55 Cal.Rptr.3d 696].) But we do not consider an argument first raised in a reply brief, absent a showing why the argument could not have been made earlier. "For sound policy reasons, we disregard claims raised for the first time in an appellate reply brief where the appellant makes no attempt to show good cause for failing to raise the issue in the opening brief. [Citation.]" (*Authority for California Cities Excess Liability v. City of Los Altos* (2006) 136 Cal.App.4th 1207, 1216, fn. 2 [39 Cal.Rptr.3d 571].) The prosecution raised this issue in the trial court and has no good cause for failing to do so in the opening brief.

Furthermore, we may overlook defendant's possible invocation of the wrong statute in support of his motion. "The law respects form less than substance." (Civ. Code, § 3528.) The trial court was correct in deciding there was but a single crime. The result would not have been different had defendant moved under the presumably correct statute.

## DISPOSITION

The petition for writ of mandate is denied.

Sills, P. J., and Moore, J., concurred.

A petition for a rehearing was denied October 15, 2007, and the opinion was modified to read as printed above.