Filed 11/16/20  P. v. Leon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>BRANDON STEVEN LEON,<br>　　Defendant and Appellant. | 2d Crim. No. B302502<br>(Super. Ct. No. 2015040930)<br>(Ventura County) |

　　　　　Brandon Steven Leon appeals his conviction by jury for hit and run causing death (count 1; Veh. Code, § 20001, subd. (b)(2))[1], failure to perform a duty following an accident (count 2; § 20001, subd. (a)), misdemeanor driving with a license that was suspended for driving under the influence (DUI) (count 3; § 14601.2, subd. (a)), and operating a vehicle without an ignition interlock device (§ 23247, subd. (e)).  The trial court sentenced appellant to four years state prison on count 1 (hit and run causing death), a concurrent two years on count 2, a consecutive

---

　　　　　[1] All statutory references are to the Vehicle Code unless otherwise stated.

180 days county jail on count 3, and a concurrent 180 days county jail on count 4.  Appellant contends that the counts 1 and 2 hit-and-run convictions must be reversed because he was not conscious when he fled the scene.  We strike the conviction on count 2 (failure to perform a duty following an accident; § 20001, subd. (a)) and affirm the judgment as modified.  (Pen. Code, § 1260.)

*Facts and Procedural History*

On the evening of December 28, 2015, appellant drove his Chevrolet Silverado truck into the path of a van driven by Jesus Rodriguez on Old Telegraph Road, a few miles west of Fillmore.  Rodriguez's wife, Maria, was a passenger in the van.  The impact caused the vehicles to spin off the road into an agriculture field, and broke the drive train on appellant's truck.

Michael Smith and Kristen Dewey witnessed the collision and called 911.  Appellant revved the engine and ground the gears but could not move the truck.  Appellant crawled out the truck passenger door, inspected the truck damage, looked inside the Rodriguez van, and walked away when he heard the emergency vehicle sirens.  Firefighters extracted Mr. and Mrs. Rodriguez from the van and transported them to the hospital where Mrs. Rodriguez died.  Police officers determined that appellant was the registered owner of the truck and that his driver's license was suspended based on a 2014 DUI conviction.  Appellant, as term of probation, had to install an ignition interlock device in the truck but there was none.

Appellant walked up a riverbed back to his house in Fillmore.  The next morning, appellant hired a lawyer and turned himself in at the CHP office where he was interviewed and arrested.  Appellant said the collision gave him a concussion, that

2

he got out of his truck and spoke to Mr. & Mrs. Rodriguez trapped in the van. According to appellant, they told him they were OK. That was his story at trial. Appellant said he "flipped out" and "just took off," but did not intend to leave the accident scene to avoid the police. It was later discovered that appellant used his cell phone the morning after the accident to search the internet for "'vehicle accident in Fillmore, California,'" the "'Best hit and-run attorney in Ventura, California,'" and articles about how long alcohol stays in the blood.

At trial, appellant admitted he was convicted of DUI in 2014 and 2008, had a 2007 Kansas DUI conviction, and that he was on probation and not to drink. Appellant denied drinking the day of the accident but did drink on Christmas day, three days before the collision. Appellant stated that he asked the crash victims if they were OK, and walked home but did not remember anything until the next morning. On cross-examination, appellant admitted that his probation terms required that he not drink and install an ignition interlock device in his truck. Appellant acknowledged that he was warned that he could be charged with murder if he drove under the influence and caused a death.

Photos of appellant's house showed alcohol cans and bottles, a beer keg, and alcohol-related furnishings in the house and the backyard. The prosecution called it "a shrine to alcohol." A $123.43 purchase was made on appellant's credit card at the Yard House restaurant/bar hours before the collision. Appellant claimed that his sister used his credit card that day but a restaurant doggie-bag containing hot chicken wings and a quesadilla was in appellant's truck. Appellant claimed that he suffered a concussion, but a CT scan showed no internal brain

3

injury.  Doctor Richard Rutherford, an emergency room physician, examined appellant and medically cleared him for jail on December 29, 2015.  Appellant did not complain of headaches or dizziness.

Appellant's cell phone records showed that he called his mother at 5:40 p.m. three hours before the collision, the same time appellant claimed he was eating pizza with his mother.[2]  On January 3, 2016, a few days after posting bail, appellant texted a friend to bring beer to his house for a barbecue.

*Substantial Evidence: Counts 1 and 2*

Appellant contends that the prosecution failed to prove he was conscious when he fled the traffic accident.  As in any substantial evidence case, we do not reweigh the evidence or second-guess credibility determinations made by the jury (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206).  On review, all conflicts in the evidence are resolved in favor of the judgment.  (*People v. Tafoya* (2007) 42 Cal.4th 147, 170.)  "The test is whether substantial evidence supports the [jury's] decision, not whether the evidence proves guilt beyond a reasonable doubt. [Citations.]"  (*People v. Mincey* (1992) 2 Cal.4th 408, 432.)

On counts 1 and 2, the prosecution had to prove that appellant willfully failed to stop, render reasonable assistance, and provide identifying information after the collision.[3]

---

[2] The prosecution told the jury:  "There's food in the truck.  Doesn't that look like a slice of pizza?  Look closer.  It's a quesadilla.  So he has a to-go bag with a quesadilla and chicken wings on the floor of his car from the accident.  Mom's house?  Yard House?  Mom's house?  Yard House?  Bar food?"

[3] On count 2, appellant was prosecuted for hit and run causing serious injury (§ 20001, subd. (b)(2)), but convicted of the

4

(§ 20001.) The jury was instructed that appellant was not guilty "if he acted while unconscious" and "[s]omeone may be unconscious even though able to move. [¶] Unconsciousness may be caused by a concussion [but] may not be based on voluntary intoxication" and "[t]he People must prove beyond a reasonable doubt that the defendant was conscious when he acted." (CALCRIM No. 3425.)

The jury, for good reason, rejected the defense theory that appellant was unconscious when he fled the scene of the accident. Smith and Deavy saw appellant rev the truck engine and try to drive away, then crawl out the truck passenger door. Appellant inspected the truck damage, looked at the victims in the van, and fled as the emergency vehicles approached. Rather than walk back home on the paved road, appellant took the riverbed route, a remarkable feat in the middle of the night. The next day, appellant told an officer that he "flipped out . . . and then I just took off."

The credit card records and chicken hot wings supported the prosecution's theory that appellant was drinking at a restaurant/bar before the accident. A doggy bag with hot chicken wings and a quesadilla was in the truck. The next day, appellant made an internet search for hit and run fatalities in Fillmore, the best hit and run attorney in Ventura County, and how long it takes for alcohol to dissipate from the body. Appellant claimed he suffered a concussion, but an emergency room physician examined appellant and did a CT scan the day after the collision, but did not diagnose or treat appellant for a

_____

lesser included offense of failure to perform a duty following an accident causing injury (§ 20001, subd. (a)).

5

brain concussion.  Appellant had a minor scalp laceration and did not complain about headaches or dizziness.

Section 20001 required that appellant report the collision "as soon as reasonably possible," even if he suffered a head injury.  Instead, appellant walked home, called his parents and sister, looked for news stories about a hit and run, and researched how long alcohol stays in the body.  All of that was done before appellant contacted the police.  "The gravamen of a section 20001 offense . . . is not the initial injury of the victim, but leaving the scene without presenting identification or rendering aid."  (*People v. Escobar* (1991) 235 Cal.App.3d 1504, 1509.)

It took no leap of logic for the jury to find that appellant was conscious when he fled the accident scene, leaving the victims trapped in a wrecked van.

*Upper Four-Year Term on Count 1*

Appellant claims the trial court abused its discretion in imposing a four-year upper term on count 1 for hit and run causing death.  On review, we do not reweigh the aggravating and mitigating sentence factors (*People v. Scott* (1994) 9 Cal.4th 331, 355) but determine whether the four-year term is so "arbitrary or capricious" that it ""exceeds the bounds of reason, all of the circumstances being considered.'" [Citations.]" (*People* v. *Welch* (1993) 5 Cal.4th 228, 234; *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1247.)  The trial court said "there is a cloud" of alcohol abuse and DUIs "that hangs over this case."  It was a concern.  Appellant was a danger to others and did not appreciate the gravity of committing a hit and run fatality while on probation.  The trial court believed that appellant was drinking and fled the scene to thwart blood alcohol testing, and that appellant got his family to lie for him.  And there was more.

The probation report stated that appellant drove with his lights off before hitting the van, and said nothing to the victims who were trapped in the van and in extreme pain. The van steering wheel was lodged in Jesus Rodriguez's chest and stomach, and he had a broken clavicle, a broken ankle, and a broken sternum and ribs. Rodriguez's wife, Maria, was semi-conscious and trapped in the van for 30 minutes before she was extracted by firefighters. The probation report noted that appellant had his family lie for him, that he spent $123.43 at a bar/restaurant before the collision, and that appellant asked a friend to "bring beers" over to a BBQ a few days after appellant bailed out of jail. It was appellant's fourth DUI and appellant showed no remorse about a hit-and-run fatality that devastated a family. Maria Rodriguez died, leaving her husband (a 41-year marriage) and four children and nine grandchildren. The four-year sentence was not an abuse of discretion.

*Count 2*

Appellant argues that the sentence on count 2 should be stayed pursuant to section 654 because counts 1 and 2 are based on the same hit and run. The Attorney General correctly argues that the conviction on count 2 must be stricken. There can be only one conviction for leaving the scene of an accident even if there are multiple victims. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1002.) "[T]he conduct commanded by section 20001, to stop, identify, and assist, is only committed once" (*Newton.* at p. 1003) and appellant cannot be convicted of more than one violation of section 20001. (*Newton*, at p. 1005; see *People v. Calles* (2012) 209 Cal.App.4th 1200, 1217 [two section 20001 convictions stricken where hit and run traffic accident

injured three victims; "there can be only one conviction for leaving the scene of an accident"].)

*Disposition*

The conviction on count 2 (violation of § 20001, subd. (a)) is stricken and the judgment, as modified, is affirmed. (Pen. Code, §1260.) The trial court is directed to prepare an amended abstract of judgment reflecting the sentence modification and to forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

8

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.