Filed 6/11/21  P. v. McDarment CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080230 |
| Plaintiff and Respondent, | (Super. Ct. No. PCF352657) |
| v. | |
| TIMOTHY MCDARMENT, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Michael B. Sheltzer, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Harry Joseph Colombo, and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Snauffer, J. and De Santos, J.

Defendant Timothy McDarment was convicted of several crimes, including gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a))[1] and leaving the scene of an accident (Veh. Code, § 20001, subd. (a)), arising out of a deadly car crash he caused while driving under the combined influence of alcohol and methamphetamine. He was sentenced to a total of 22 years to life on the vehicular manslaughter count, which included a five-year enhancement for fleeing the scene of the crime (Veh. Code, § 20001, subd. (c)). The trial court also imposed a concurrent three-year sentence on the leaving the scene of an accident count, and McDarment contends this term should have been stayed pursuant to section 654. The People agree, as do we, and the judgment must be modified.

## STATEMENT OF THE CASE

On September 10, 2019, the Tulare County District Attorney filed a fourth amended information charging McDarment with the following offenses: murder (§ 187, subd. (a); count 1), gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a); count 2), driving under the influence of alcohol and a drug causing injury (Veh. Code, § 23153, subd. (g); count 3), driving with a blood alcohol content over 0.08% causing injury (Veh. Code, § 23153, subd. (b); count 4), leaving the scene of an accident resulting in death or serious injury (Veh. Code, § 20001, subds. (a), (b)(2); count 5), and driving with a suspended license with a prior conviction (Veh. Code, § 14601.2, subd. (a); count 6).

The information further alleged the following enhancements. As to count 2: fleeing the scene of the crime (Veh. Code, § 20001, subd. (c)) and three prior convictions for driving under the influence (§ 191.5, subd. (d)). As to counts 2, 3 and 4: causing bodily injury to more than one person (Veh. Code, § 23558). As to counts 3 and 4: personal infliction of great bodily injury (§ 12022.7, subd. (a)) and a prior conviction for

---

[1] Undesignated statutory references are to the Penal Code.

driving under the influence (Veh. Code, § 23560). The district attorney later announced it would not proceed on counts 3 and 4.

A jury convicted McDarment on all counts and found the enhancement allegations to be true. The trial court sentenced McDarment to a term of 15 years to life on count 2 (vehicular manslaughter), plus five years for the fleeing the scene of the crime enhancement, and two years for the injury enhancement, for an aggregate term of 22 years to life. On count 5 (leaving the scene of an accident), the court imposed a concurrent three-year term. Sentence was imposed but stayed on count 1 (murder) pursuant to section 654, and count 6 was dismissed.

## STATEMENT OF FACTS

On June 19, 2017, after an afternoon of drinking, McDarment was driving his Jeep eastbound in the westbound lane of Springville Avenue in Porterville in excess of 60 miles per hour. Meanwhile, P.S. was driving her Toyota Corolla eastbound on Springville Avenue with her daughter, A.D., in the front passenger seat, and A.D.'s 21-month-old son, E.S., in the rear driver's side passenger seat.

P.S. slowed down and put her turn signal on to turn into a driveway. McDarment's Jeep hit the rear end of the Corolla, causing the Corolla to spin before hitting a parked car and coming to rest on the northern shoulder of the road. E.S. was taken to the hospital where he was pronounced dead from injuries caused by the accident. P.S. required multiple surgeries.

Just after the accident, McDarment got out of his vehicle and fled on foot. He was quickly found by police officers and taken into custody. Tests of a blood sample from McDarment taken two hours after the accident showed a blood alcohol concentration of .13 percent and a concentration of 27 nanograms per milliliter of methamphetamine. McDarment had previously been convicted of driving under the influence and was admonished that if he continued to drive under the influence and someone was killed as a result, he could be charged with murder.

3.

## DISCUSSION

McDarment contends the three-year term for count 5 (leaving the scene of an accident, § 20001, subds. (a), (b)(2)) must be stayed pursuant to section 654. He is correct.

Penal Code section 654 prohibits multiple punishments for a single act. " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of Penal Code section 654 depends on the intent and objective of the actor.' " (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507, italics omitted.) If multiple offenses were "incident to one objective," the defendant may be punished for only one offense. (*Ibid.*)

The trial court should have stayed the sentence for count 5. "[T]here can be only one conviction for leaving the scene of an accident," even where an accident results in the injury of more than one person. (*People v. Calles* (2012) 209 Cal.App.4th 1200, 1217 (*Calles*); *People v. Newton* (2007) 155 Cal.App.4th 1000, 1002.) McDarment's act of leaving the scene of the accident was not a separate act with a separate objective "when compared to [the enhancement for fleeing the scene of the crime] alleged in count [2]. There was only one act of leaving the scene of an accident." (*Calles,* at p. 1217.)

Section 654, subdivision (a), provides that when an act is punishable in different ways by different provisions of law it shall be punished "under the provision that provides for the longest potential term of imprisonment." The sentence for the enhancement on count 2 provides a longer potential term of imprisonment than the sentence for count 5. Thus, the sentence for count 5 must be stayed. (*Calles, supra,* 209 Cal.App.4th at p. 1217.)

## DISPOSITION

The judgment is modified to stay the three-year sentence for count 5, leaving the scene of an accident (Veh. Code, § 20001, subds. (a), (b)(2)), pursuant to Penal Code section 654. The clerk of the superior court is directed to amend the abstract of judgment

4.

and to forward certified copies to the appropriate entities.  In all other respects, the judgment is affirmed.