Filed 2/6/24  P. v. Singer CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KENNETH GENE SINGER, III,<br><br>Defendant and Appellant. | A167198<br><br>(Lake County<br>Super. Ct. No. CR2656) |

In 1989, a jury found defendant Kenneth Gene Singer, III, guilty of first degree murder and second degree robbery and found he personally used a firearm in the commission of the offenses.  Singer, who was 21 years old when he committed the offenses, was sentenced to life in prison without the possibility of parole.

In 2022, Singer filed a petition for recall and resentencing pursuant to Penal Code section 1170, subdivision (d) (§ 1170(d)).  The trial court denied the petition on the ground the recall and resentencing procedure is available only to defendants who were under 18 years old when they committed the life offense, but Singer was 21 years old when he committed his offense.

On appeal, Singer contends he is eligible for recall and resentencing because section 1170(d)(8)(B) provides that youth is a factor to be considered in resentencing and a "youth" is any person who was under 26 years old when

1

the offense was committed.  We reject Singer's reading of section 1170(d) and therefore affirm the trial court's order denying his petition.

## DISCUSSION

We review questions of statutory interpretation de novo.  (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1081–1082.)  Our task is to determine the Legislature's intent, and we first "look to the words of the statute themselves." (*Id*. at p. 1082.)  "If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction." (*Id*. at p. 1083.)  Accordingly, we begin with the language of section 1170(d).

Subparagraph (d)(1) identifies who is eligible to file a petition for recall and resentencing.  It specifies that "a defendant who was *under 18 years of age at the time of the commission of the offense* for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years . . . may submit to the sentencing court a petition for recall and resentencing," so long as the defendant did not torture the victim and the victim was not a public safety official.  (§ 1170(d)(1)(A) and (B), italics added.)

Subparagraph (d)(2) sets forth the requirements for a petition.  "The petition shall include the defendant's statement that the defendant *was under 18 years of age at the time of the crime* and was sentenced to life in prison without the possibility of parole, the defendant's statement describing their remorse and work towards rehabilitation, and the defendant's statement that one of [four specified circumstances] is true." (§ 1170(d)(2), italics added.)[1]

---

[1] A petition must include a statement that one of the four following circumstances is true: "(A) The defendant was convicted pursuant to felony

2

If a trial court determines that one or more of the four specified circumstances applies, then subparagraph (d)(5) requires the court to "recall the sentence and commitment previously ordered and hold a hearing to resentence the defendant in the same manner as if the defendant had not previously been sentenced . . . ." (§ 1170(d)(5).)

Subparagraphs (d)(6) through (9) and (11) of section 1170 provide guidance to the trial court at the resentencing stage.

As relevant to Singer's appellate claim, subparagraph (d)(8) provides in part: "[T]he court may also resentence the defendant to a term that is less than the initial sentence if any of the following were a contributing factor in the commission of the alleged offense:  [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.  [¶] (B) *The person* is a youth or *was a youth* as defined under subdivision (b) of Section 1016.7 *at the time of the commission of the offense*.  [¶] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking."  (§ 1170(d)(8), italics added.)

A "youth" under section 1016.7, subdivision (b), is "any person under 26 years of age on the date the offense was committed."

---

murder or aiding and abetting murder provisions of law.  [¶] (B) The defendant does not have juvenile felony adjudications for assault or other felony crimes with a significant potential for personal harm to victims prior to the offense for which the sentence is being considered for recall.  [¶] (C) The defendant committed the offense with at least one adult codefendant.  [¶] (D) The defendant has performed acts that tend to indicate rehabilitation or the potential for rehabilitation, including, but not limited to, availing themselves of rehabilitative, educational, or vocational programs, if those programs have been available at their classification level and facility, using self-study for self-improvement, or showing evidence of remorse."  (§ 1170(d)(2).)

Singer contends "the inclusion of subdivision (d)(8)(B) in section 1170, makes him eligible for resentencing because he was under the age of 26 years at the time the murder was committed." The language of section 1170(d) clearly and unambiguously provides otherwise. The eligibility requirements of section 1170(d)(1) include the circumstance that the defendant "was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole." Further, a compliant petition *must* include a "statement that the defendant was under 18 years of age at the time of the crime and was sentenced to life in prison without the possibility of parole." (§ 1170(d)(2).)

Section 1170(d)(8), on the other hand, identifies circumstances that may be considered at the resentencing stage, but it does not expand the pool of defendants who are eligible to petition for recall and resentencing in the first place. Section 1170(d)(8)(A), for example, allows a court to consider the circumstance that "psychological, physical, or childhood trauma" was a contributing factor in the offense, but this cannot plausibly mean that anyone who has experienced trauma is now eligible for recall and resentencing under section 1170(d).

Singer argues we should nonetheless read section 1170(d)(8)(B) to mean he is eligible for recall and resentencing under the "rule of lenity." Under this rule, "when a statute defining a crime or punishment is susceptible of two reasonable interpretations, the appellate court should ordinarily adopt that interpretation more favorable to the defendant." (*People v. Avery* (2002) 27 Cal.4th 49, 57.) " 'The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended' "; it does not apply " 'unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in

4

a convincing manner is impracticable.' " (*Id*. at p. 58.) The rule does not apply in this case because section 1170(d) is not ambiguous. Moreover, even assuming ambiguity, we would not construe section 1170(d)(8)(B) in a manner that would implicitly repeal an eligibility requirement clearly stated in section 1170(d)(1). (See *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 637 ["Repeals by implication are disfavored"].)[2]

## DISPOSITION

The order denying defendant's petition for recall and resentencing is affirmed.

---

[2] Singer argues for the first time in his reply that the trial court's reading of the statute renders section 1170(d)(8)(B) superfluous and should be rejected. We do not consider arguments raised for the first time in reply. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005).

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Mayfield, J.*


A167198, *People v. Singer*

---

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6