Filed 8/29/24  P. v. Lakey CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>DERRICK LAKEY,<br><br>    Defendant and Appellant. | C099431<br><br>(Super. Ct. Nos. STKCRFE19960005306, SC059733B) |

Defendant Derrick Lakey appeals the denial at the prima facie stage of his second petition for resentencing under Penal Code section 1172.6 (formerly section 1170.95).[1] The trial court denied the current petition for the same reason defendant's first petition

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6, with no substantive changes to the statute.  (Stats. 2022, ch. 58, § 10.)  We cite to the current section number throughout this opinion.

1

was denied, to wit, that the California Supreme Court's decision in *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*), which concluded that defendant acted with malice, constituted the law of the case, and rendered him ineligible for relief under section 1172.6. We affirm.

## I. BACKGROUND

We previously set forth the pertinent background in our unpublished decision in *People v. Lakey* (Sept. 16, 2020, C089487) [nonpub. opn.]:

" 'Codefendants Ejaan Dupree McCoy and [defendant] were tried together and convicted of crimes arising out of a drive-by shooting in Stockton in 1995. McCoy drove the car and [defendant] was in the front passenger seat, with others in the back. The car approached four people standing on a street corner. McCoy leaned out of the window and shouted something. A flurry of shots was fired from the car toward the group. Witnesses saw both McCoy and [defendant] shooting handguns. Two of the group were shot, one fatally. The other two escaped injury. Someone from outside the car returned fire, wounding [defendant]. The evidence showed that McCoy fired the fatal bullets.' [(*McCoy, supra*, 25 Cal.4th at pp. 1115-1116.)]

"A jury found defendant and his codefendant guilty of various crimes including first degree murder. On appeal, we reversed the codefendant's conviction finding the jury was improperly instructed on the codefendant's unreasonable self-defense theory. We also reversed defendant's conviction finding (1) an aider and abettor cannot be convicted of a greater offense than the actual perpetrator and (2) we could not conclude any participant acted with malice. (*McCoy, supra*, 25 Cal.4th at pp. 1115-1116.)

"The Supreme Court reversed our decision as to defendant, disagreeing on both grounds. The court first found defendant's guilt was not determined by his codefendant's unreasonable self-defense claim. Instead, the Supreme Court determined an aider and abettor's 'guilt is determined by the combined acts of all the participants as well as that person's own mens rea.' (*McCoy, supra*, 25 Cal.4th at p. 1122.) The court next

disagreed with our finding that 'because the jury may have erroneously found McCoy acted with malice, it did not necessarily find that *any* participant acted with malice. This conclusion also reflects a misunderstanding about the mental state needed for an aider and abettor (again, aside from the natural and probable consequences doctrine not relevant here). The trial court instructed the jury both regarding direct perpetrator liability and aiding and abetting liability. It also instructed on the malice requirement of murder. To the extent the jury based its verdict as to [defendant] on his personal acts, it necessarily found malice. To the extent it based it on McCoy's acts—finding that [defendant] aided and abetted those acts—it necessarily found that [defendant] knew of McCoy's unlawful purpose and intended to commit, encourage, or facilitate that purpose. [Citation.] The only unlawful purpose charged here was an unlawful killing. Absent some circumstance negating malice one cannot knowingly and intentionally help another commit an unlawful killing without acting with malice. [Citation.] Whether or not McCoy killed in unreasonable self-defense, thus negating what would otherwise be malice as to him, McCoy's unreasonable self-defense would not negate the implicit jury finding that [defendant] knowingly and intentionally helped McCoy commit the crime, which constitutes malice.' (*Id.* at pp. 1122-1123, fn. omitted.)" (*People v. Lakey, supra*, C089487.)

We affirmed defendant's first degree murder conviction on remand. (*People v. McCoy* (May 7, 2002, C024654) [nonpub. opn.].) In doing so, we rejected defendant's contention that the instructions given did not require the jury to expressly find that defendant acted with malice: "The high court's legal conclusion that the jury necessarily found [defendant] acted with malice, even if he acted only as an aider and abettor, is law of the case, which is binding on us as an intermediate appellate court." (*People v. McCoy, supra*, C024654.)

In January 2019, defendant filed his first petition for resentencing under section 1172.6. (*People v. Lakey, supra*, C089487.) The trial court denied the petition without

appointing counsel, quoting from the California Supreme Court's opinion in *McCoy* "that the jury ' "necessarily found malice," ' " and finding the " 'jury was not given the natural and probable consequence instruction. Nor was the jury instructed on the felony murder rule. [¶] This court is denying the request for appointment of counsel because there is no colorable claim for relief.' " (*People v. Lakey, supra*, C089487.)

Defendant appealed contending that the trial erred in denying his petition at the prima facie stage without appointing counsel. (*People v. Lakey, supra*, C089487) The People conceded the error but argued it was harmless. (*Ibid.*) We agreed with the People, finding: "The California Supreme Court concluded in *McCoy* that defendant necessarily acted with malice, regardless of whether the verdict was based on defendant's own acts or his aiding and abetting his codefendant's killing. (*McCoy, supra*, 25 Cal.4th at pp. 1122-1123.) This conclusion is law of the case and is binding. [Citations.] Defendant's malice renders him ineligible for relief under Senate Bill No. 1437 and it is beyond a reasonable doubt appointment of counsel could not have changed this." (*People v. Lakey, supra*, C089487.)

On August 31, 2022, defendant filed a second petition for resentencing under section 1172.6. The trial court appointed counsel for defendant and conducted a hearing on the petition. The trial court denied the petition, noting that denial of the prior petition without appointment of counsel was upheld as harmless error, "based on the California Supreme Court's own conclusion that the defendant acted with malice, regardless of whether the verdict was based on defendant's acts as being the possible killer, which we know he wasn't, or aiding and abetting the co-defendant's killing. And the court of appeals said that conclusion is the law of the case and is binding." The trial court concluded it would make the same finding on the current petition.

Defendant timely appealed.

4

## II. DISCUSSION

We again conclude that defendant is ineligible for section 1172.6 relief based on the California Supreme Court's decision in *McCoy*, which is law of the case.

" 'Under the law of the case doctrine, when an appellate court " 'states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . .' " [Citation.] Absent an applicable exception, the doctrine "requir[es] both trial and appellate courts to follow the rules laid down upon a former appeal whether such rules are right or wrong." ' " (*People v. Campbell* (2023) 98 Cal.App.5th 350, 371.)

We review de novo denial of a resentencing petition at the prima facie stage, whether the denial is based on law of the case or petitioner's failure to make a prima facie showing. (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238-1239.)

Defendant contends that law of the case doctrine does not apply at the prima facie stage, relying on *People v. Harden* (2022) 81 Cal.App.5th 45 (*Harden*). In *Harden*, the appellate court held that, prior to an evidentiary hearing under section 1172.6, subdivision (d)(3), "the law-of-the-case-doctrine cannot conclusively establish disentitlement." (*Harden, supra*, at p. 50.) The *Harden* court said the doctrine controls the outcome only where the evidence on retrial is substantially the same and may not be invoked where there is a substantial difference in the evidence. (*Ibid.*) The court reasoned that "[a]t the prima facie stage of [a section 1172.6] proceeding, it is of course impossible to know what the evidence will ultimately be at an evidentiary hearing that has not yet occurred." (*Harden, supra*, at p. 50.)

In *People v. Medrano* (2024) 98 Cal.App.5th 1254, the court concluded that "[t]he holding in *Harden* should be limited to prohibiting application of the law of the case at a prima facie hearing where, as in *Harden*, the appellate court's prior determination concerned the sufficiency of the evidence at the petitioner's trial" that the petitioner was

5

the actual killer. (*Id.* at p. 1264; *People v. Campbell, supra*, 98 Cal.App.5th at p. 371, fn. 14 ["determinations of sufficiency of the evidence are not treated as law of the case in all instances"].) "At an evidentiary hearing conducted pursuant to section 1172.6, subdivision (d), [defendant] would have had the opportunity to introduce new evidence showing that she was not the actual killer," so the earlier appeal could not be law of the case at the prima facie stage. (*Medrano, supra*, at p. 1264.) The California Supreme Court's conclusion in *McCoy* that defendant necessarily acted with malice was not based on sufficiency of the evidence, but rather on the jury instructions and verdicts, which conclusively establish defendant's ineligibility. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257.)

On reply, defendant contends the law of the case does not apply because the high court did not consider the jury instructions on direct aiding and abetting in light of Senate Bill No. 775 (2020-2021 Reg. Sess.), which now provides for section 1172.6 relief to a person convicted of murder on any "theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); Stats. 2021, ch. 551, § 2.) However, we do not consider new arguments raised for the first time in a reply brief. (*People v. Peevy* (1998) 17 Cal.4th 1184, 1206; see also *People v. Newton* (2007) 155 Cal.App.4th 1000, 1005.)[2] Even if we assume that Senate Bill No. 775 constituted an exception to the law of the case doctrine, because, after *Lakey,* this legislation altered or clarified the law, or constituted changed circumstances (see *People v. Medrano, supra*, 98 Cal.App.5th at pp. 1262-1263; *People v. Lee* (2023) 95 Cal.App.5th 1164, 1186), as discussed, the record of conviction, including the jury

---

**2** For the same reason, we reject defendant's arguments raised for the first time on reply that (1) the California Supreme Court misread the verdicts in determining for purposes of aiding and abetting that the only unlawful purpose was unlawful killing, and (2) defendant could introduce evidence at an evidentiary hearing that he acted in self-defense negating malice.

6

instructions and verdicts, conclusively establishes defendant's ineligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The trial court instructed the jury on willful, deliberate, and premeditated murder, which required the jury to find that "the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill, which was the result of deliberation and premeditation." The court did not instruct the jury on the felony-murder rule, the natural and probable consequences doctrine, or any other theory of imputed malice, leaving only one theory—deliberation and premeditation—meaning that jurors could convict defendant of first degree murder only if they concluded that he harbored malice. By finding defendant guilty of murder in the first degree, as *McCoy* determined, the jury necessarily concluded that, based on his own acts or as an aider and abettor, defendant harbored malice. (See *McCoy, supra*, 25 Cal.4th at pp. 1122-1123; *People v. Nguyen* (2024) 103 Cal.App.5th 668, 676; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935.)

### III. DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

ROBIE, J.

7