Filed 9/5/25  P. v. Hupp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

PAUL HOWARD HUPP,

    Defendant and Appellant.

E084047

(Super.Ct.No. RIF1902599)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

Paul Howard Hupp appeals from the trial court's order denying his petition for a finding of factual innocence pursuant to Penal Code section 851.8. (Unlabeled statutory citations are to this code.) We affirm.

BACKGROUND

In June 2019, the People filed a felony complaint alleging that on or about May 20, 2019, Hupp violated section 76 by knowingly and willingly threatening an elected public official with the specific intent that the statement be taken as a threat and with the apparent ability to carry it out.[1] Hupp was arrested and released on bail.

In November 2019, the People filed a first amended felony complaint, which added a second count alleging that on or about May 20, 2019, Hupp violated section 69 by "willfully and unlawfully attempt[ing] by means of threats and violence to deter and prevent [Judge] Thomas Cahraman, who was then . . . an executive officer, from performing a duty imposed upon such officer by law."

The following month, the trial court held a preliminary hearing. The People called Deputy United States Marshal Tim Knaplund as a witness. Knaplund testified that in February 2018, a federal magistrate judge received three threatening voicemails from Hupp over approximately three days. Knaplund testified that in those messages, Hupp told the judge: "'If you take this matter off the calendar or change it for any reason, I'll be at your doorstep, and we can discuss it at your front doorstep of your house.'"

---

[1] The People request that we take judicial notice of the record from Hupp's direct appeal in *People v. Hupp* (2023) 96 Cal.App.5th 946 (*Hupp*). We grant the request. (Evid. Code, § 452, subd. (d).)

Knaplund said that the judge was "shook[] up" and wanted Knaplund to "deal with it." Knaplund testified that Hupp also sent a letter to the judge's home, which stated: "'Status conferences are not taken under submission. And if [you] take[] the March 5th, 2018 status conference under submission or any other way obstructs the ability of the Petitioner to be heard on the issue, then Petitioner will have the status conference on [your] front doorsteps.'" The judge sought a restraining order against Hupp, and the judge told the court at the hearing that "he was in fear for his life."

The People next called Riverside County Deputy Sheriff Vincent Coogan to testify. Coogan said that on May 20, 2019, Hupp filed a declaration in the Riverside County Superior Court, which stated: "'Cahraman, true to his deceitful and criminal nature, has repeatedly and consistently denied such contacts. If Cahraman's ex-parte communications ever cause harm to P. Hupp's family, it will be the mistake of Cahraman's motherfucking life. There won't be a rock on the face of the Earth that slime ball piece of shit will be able to hide under. [¶] 'Do you understand me, you little motherfucking bitch, Cahraman? Put this in your crack pipe and take a few more hits, Cahraman, you slime ball piece of shit. [¶] 'I hope I am making myself clear to you, Cahraman.'" Coogan testified that Judge Cahraman said that he had been thinking about what Hupp had written for six days and that he was very concerned. Judge Cahraman told Coogan that he had looked into Hupp's history and found a criminal conviction for threatening an administrative law judge by saying, "'We'll see how much perjuring you

3

can do with your brains splattered all over the wall.'" Judge Cahraman was considering applying for a permit to carry a concealed weapon.

Coogan also testified that on December 5, 2018, Hupp filed a vexatious litigant application, which he served on two other Riverside County Superior Court judges at their home addresses. The application stated that "'[t]he new filing is not being filed to harass or to cause a delay . . . . 'And if you fucking assclowns refuse to, one, rule on this complaint, in, two, a timely manner, then I will be coming over to your home and reviewing it with you on your front motherfucking doorstep. Put that in your crack pipe and take a few hits. [¶] 'If there is no ruling by Friday, December 21st, then you can expect me on your front doorstep the following day. Okay, Dugan and Vineyard.'"

Following testimony, the People asked the court to hold Hupp to answer on five charges: the two counts alleged in the amended complaint (one under section 76 and one under section 69) based on Hupp's alleged conduct in May 2019 toward Judge Cahraman, plus one count of violating section 69 as to the federal magistrate judge in February 2018 and two counts of violating section 69 as to Judge Dugan and Judge Vineyard in December 2018. The court held Hupp to answer on the section 69 charge in the amended complaint. The court expressed views about the sufficiency of the evidence for the other counts—the court believed the evidence was insufficient on the section 76 count and the unpled section 69 counts as to Judge Dugan and Judge Vineyard but sufficient on the remaining unpled section 69 count as to the federal magistrate judge—but acknowledged that the prosecutor remained free to "plead what you want."

4

In December 2019, the People filed an information alleging four counts of violating section 69. The counts were based on Hupp's communications in February 2018 (with the federal magistrate judge), December 2018 (with Judge Dugan and Judge Vineyard), and May 2019 (with Judge Cahraman).

In April 2022, a jury found Hupp guilty on all counts. On appeal, we reversed the judgment "[b]ecause a judge is not an 'executive officer' within the meaning of section 69." (*Hupp*, *supra*, 96 Cal.App.5th at p. 953.)[2]

In May 2024, Hupp filed a petition pursuant to section 851.8 for a finding of factual innocence. Hupp alleged that he was entitled to relief because of the "ruling" in *Hupp* and his First Amendment right to free speech. The trial court summarily denied his petition.

DISCUSSION

Hupp argues that he could not have "committed the offenses with which he was charged because, as a matter of law, judges are not executive officers," and he was therefore "entitled to a finding of factual innocence" under section 851.8. We disagree.

---

[2] Our description of the procedural background in *Hupp* contains an inaccuracy. We stated that "[t]he People initially filed a complaint charging Hupp with one count of threatening a judge in violation of section 76 based on the statements he made to the federal magistrate judge." (*Hupp*, *supra*, 96 Cal.App.5th at p. 949.) That was incorrect. The original complaint alleged one count of violating section 76 based on Hupp's statements to Judge Cahraman on or about May 20, 2019. Our opinion also stated that the court "dismissed the section 76 charge for insufficient evidence because Hupp's statements to the federal magistrate judge" were inadequate to support the charge (*Hupp*, at p. 949), but that too was incorrect. Again, the section 76 charge concerned only Hupp's conduct toward Judge Cahraman in May 2019.

"Section 851.8, subdivision (c) provides in relevant part, 'In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, at any time after dismissal of the action, petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest is made . . . .  The hearing shall be conducted as provided in subdivision (b).  If the court finds the petitioner to be factually innocent of the charges for which the arrest was made, then the court shall grant the relief as provided in subdivision (b).'  Under section 851.8, subdivision (b), a finding of factual innocence 'shall not be made unless the court finds that no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made.'" (*People v. Esmaili* (2013) 213 Cal.App.4th 1449, 1458, italics omitted.)

"When reviewing a lower court's ruling concerning a petition for sealing and destroying arrest records, an appellate court 'must apply an independent standard of review and consider the record de novo.'" (*People v. Gerold* (2009) 174 Cal.App.4th 781, 790.)

Hupp's opening brief argues only that Hupp is entitled to a finding of factual innocence under section 851.8 because (1) he was "prosecuted for alleged violations" of section 69, but (2) this court subsequently held that "[b]ecause a judge is not an 'executive officer' within the meaning of section 69, as a matter of law Hupp is not liable under that provision." (*Hupp*, *supra*, 96 Cal.App.5th at 953.)

The argument fails because Hupp has made no showing that he was arrested for a violation of section 69. The superior court's docket confirms that Hupp's arrest predates the filing of the amended complaint, which was the first charging document to allege a violation of section 69. Because our holding in *Hupp* concerning the meaning of "executive officer" relates only to the section 69 charges on which Hupp was convicted and Hupp has made no showing that he was arrested on a section 69 charge, our holding has no tendency to show that "no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).) Hupp therefore has not shown that his petition was erroneously denied.[3]

Hupp's appointed counsel asks us to exercise our discretion to review the merits of the arguments raised in a brief that Hupp filed in propria persona. We decline the request. A criminal defendant has no right to self-representation on appeal, and appointed counsel "'has the exclusive right to appear and control court proceedings as long as fundamental rights are not denied; neither the party himself nor another attorney

---

[3] In his reply brief, Hupp argues for the first time that he is entitled to a finding of factual innocence based on the section 76 charge that was dismissed at the preliminary hearing. We ordinarily do not consider an argument raised for the first time in the reply brief absent a showing of good cause for failure to raise the issue earlier. (*People v. Newton* (2007) 155 Cal.App.4th 1000, 1005.) Hupp does not attempt to make such a showing, so we decline to address the issue. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) We also note that Hupp's petition in the trial court was expressly based only on our opinion in *Hupp* (plus Hupp's unexplained reference to First Amendment free speech rights), and our analysis in that opinion relates only to section 69, not to section 76.

7

can be recognized in the conduct or disposition of the case.'"  (*People v. Scott* (1998) 64 Cal.App.4th 550, 571.)

## DISPOSITION

The trial court's order denying Hupp's section 851.8 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ                    
                                    J.

We concur:


MILLER                    
            Acting P. J.


RAPHAEL                    
                    J.