Filed 4/28/26  P. v. Solorio CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADRIAN SOLORIO,<br><br>Defendant and Appellant. | G065268<br><br>(Super. Ct. No. 06CF1702)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge. Dismissed.

Richard L. Fitzer for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Adrian Solario appeals from a postjudgment order denying his motion for new trial under Penal Code section 1181, subdivision

(8) and Assembly Bill 333.[1] We dismiss the appeal as nonappealable.

BACKGROUND

A jury convicted appellant of first degree murder and street terrorism. The jury also found true gang and firearm enhancements. (*People v. Solario* (Jan. 28, 2011, G042192) [nonpub. opn.].) In 2009, appellant was sentenced to life in prison without the possibility of parole, plus an additional term of 25-years-to-life for the firearm enhancement. (*Ibid.*) A different panel of this court affirmed the judgment in 2011. (*Ibid.*)

On December 20, 2024, Solario filed a motion for new trial pursuant to Penal Code section 1181, subdivision (8) and Assembly Bill 333. Solario alleged error with respect to his prior section 1172.6 proceedings. The trial court denied the motion, and appellant filed a notice of appeal.

Appointed appellate counsel filed a brief raising no issues and requesting we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and independently review the record for error. Solario filed his own supplemental brief arguing he is entitled to a new trial and resentencing.

We advised Solario we were considering dismissing his appeal on the basis that he filed a notice of appeal from a nonappealable order and invited points and authorities to explain why the appeal should not be dismissed. In its points and authorities, Solario's counsel urges us to "follow the procedure outlined *in Delgadillo*, *supra*, 14 Cal.5th 216 and decide the

---

[1]     All subsequent references to statutes are to the Penal Code.

Assembly Bill 333 was passed by the Legislature in 2021. (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) (Assembly Bill 333)

merits of his appeal." Alternatively, Solario's attorney asks us to consider whether his appeal should be treated as a petition for a writ of mandate. Solario also filed points and authorities arguing juror misconduct, attorney misconduct, constitutional violations, and newly discovered evidence would cause a different result in a retrial. Solario did not directly address whether his appeal is from a nonappealable order.

DISCUSSION

Effective January 1, 2022, "Assembly Bill 333 amended Penal Code section 186.22 by imposing new substantive requirements relating to gang enhancements and the criminal offense of gang participation." (*People v. Burgos* (2024) 16 Cal.5th 1, 7, fn. omitted (*Burgos*).) "These changes 'ha[d] the effect of "increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement."'" (*Id.* at p. 9.) For example, Assembly Bill 333 narrowed the definition of a criminal street gang. (*Ibid.*; Pen. Code, § 186.22, subd. (f).)

"Ordinarily, statutes are presumed to apply only prospectively, unless the Legislature expressly declares otherwise. This well-settled principle is codified at section 3 of the Penal Code and appears in other codes as well." (*Burgos, supra*, 16 Cal.5th at pp. 7–8.) However, "in the absence of a contrary indication of legislative intent, . . . legislation that ameliorates punishment . . . applies to all cases that are not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 675; *In re Estrada* (1965) 63 Cal.2d 740.) "*Estrada* applies to statutory amendments 'which redefine, to the benefit of defendants, conduct subject to criminal sanctions.'" (*People v. Tran* (2022) 13 Cal.5th 1169, 1207.) Thus, while Penal Code section 1109 is a procedural change that applies prospectively only, Assembly Bill

3

333's substantive changes to the elements of the section 186.22 gang enhancement apply retroactively to nonfinal cases. (*Burgos*, at pp. 23–25; *Tran*, at p. 1207.) A sentence in a criminal case is not yet final for purposes of *Estrada* where "an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues." (*People v. Lopez* (2025) 17 Cal.5th 388, 392.)

Here, Solario's case was final when he filed his post-judgment motion for a new trial under Assembly Bill 333. At the time of his motion, an appellate court had not remanded for reconsideration of sentencing-related issues. As noted above, Assembly Bill 333 only applies retroactively to cases not yet final on appeal. (*Burgos*, at pp. 23–25.) Here, Solario's motion was not filed in an ongoing motion so the trial court denied his motion. "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634.) Because this appeal challenges a nonappealable order, we must dismiss it. (See *People v. Faustinos* (2025) 109 Cal.App.5th 687, 700; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

We next turn to Solario's request to consider whether his appeal should be treated as a petition for a writ of mandate. "An appellate court has discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but that power should be exercised only in unusual circumstances." (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366–1367.) Those circumstances include uncertainty in the law (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853) and lack of an adequate remedy at law (*People v. Newton* (2007) 155 Cal.App.4th 1000,

4

1002). Because neither circumstance is present in this case, we reject Solario's request to treat his appeal as a petition for writ of mandate.

DISPOSITION

The appeal is dismissed.


DELANEY, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.